J-S46010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE LAMAR YATES | : | |
| | : | |
| Appellant | : | No. 653 WDA 2023 |

Appeal from the PCRA Order Entered May 5, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005902-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE LAMAR YATES | : | |
| | : | |
| Appellant | : | No. 317 WDA 2024 |

Appeal from the PCRA Order Entered May 5, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014110-2003

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: March 26, 2025**

Andre Lamar Yates appeals[1] *pro se* from the order, entered in the Court

of Common Pleas of Allegheny County, dismissing his petition filed pursuant

_____

[1] Initially, Yates filed only one notice of appeal containing both docket numbers, in violation of the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  **See id.** (requiring appellants file separate notices of appeal when single order resolves issues arising on more than one lower court
*(Footnote Continued Next Page)*

to the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

This Court previously summarized the history of this case as follows:

On November 12, 2002, [Yates] fired several shots at a vehicle occupied by Edward Powell and Alean Hudson. Hudson died and Powell was injured as a result of the shooting. [Yates] was charged[, and later convicted,] in connection with the shooting. On November 1, 2004, the trial court sentenced [Yates] to an aggregate term of life imprisonment without the possibility of parole [as a result of his convictions] of first-degree murder, attempted murder, and aggravated assault. This Court affirmed [Yates'] judgment of sentence[,] and our Supreme Court denied allowance of appeal. [*See*] *Commonwealth v. Yates*, 902 A.2d 984 (Pa. Super. 2006) ([Table]), *appeal denied*, 907 A.2d 1101 (Pa. 2006).

[Yates] filed a *pro se* PCRA petition[, his first,] and counsel was appointed. Eventually, the PCRA court denied [this] petition and this Court affirmed. [*See id.*], 30 A.3d 532 (Pa. Super. 2011) ([Table]). Thereafter, [Yates] filed a second, untimely *pro se* PCRA petition. The PCRA court found that [Yates had] satisfied the newly-discovered fact exception to the PCRA's timeliness requirement and appointed counsel. [The court] later denied [Yates] relief on the merits and this Court affirmed the denial of relief. [*See id.*], 102 A.3d 535 (Pa. Super. 2014) ([Table]).

*Commonwealth v. Yates*, 200 A.3d 539 (Pa. Super. 2018) (Table). On July 17, 2017, Yates filed his third *pro se* PCRA petition, which the PCRA court

---

docket). On February 29, 2024, this Court issued an order directing that Yates file amended notices of appeal in compliance with *Commonwealth v. Young*, 280 A.3d 1049 (Pa. Super 2022). *See id.* (holding when there is *Walker* defect in appeal to which Pa.R.A.P. 902 applies, default position is to allow correction of defect unless good cause is shown by opposing party); Order, 2/29/24, at 1-2. Yates filed compliant amended notices of appeal and this Court *sua sponte* consolidated Yates' appeals pursuant to Pa.R.A.P. 513.

dismissed on September 27, 2017. Yates appealed and this Court affirmed. *See id.*

On January 20, 2021, Yates filed the instant, his fourth, *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on March 25, 2022. The Commonwealth filed a response and, on October 18, 2022, Yates filed a second amended PCRA petition. On November 1, 2022, the PCRA court conducted a hearing, after which it dismissed Yates' fourth petition as untimely. On the same day, Yates filed a motion to amend his PCRA petition. On November 10, 2022, the PCRA court issued an order vacating its November 2, 2022 order dismissing Yates' PCRA petition and granting Yates' motion for leave to amend his PCRA petition. *See* Order, 11/10/22, at 1. The PCRA court directed that Yates had 30 days to file a third amended PCRA petition. *See id.* Yates filed another amended PCRA petition and, on May 3, 2023, the PCRA court conducted an evidentiary hearing. *See* N.T. PCRA Hearing, 5/3/23, at 1-70. At the conclusion of the May 3, 2023 hearing, the PCRA court dismissed Yates' PCRA petition.

Yates filed timely *pro se* notices of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Yates, acting *pro se*,[2] now raises the following claims for our review:

_____

[2] On November 28, 2023, the PCRA court conducted a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), after which the court concluded that Yates wished to proceed *pro se*. ***See*** N.T. Grazier Hearing, 11/28/23, at 6-7.

1.  Whether the PCRA court abused its discretion in denying Professor Margaret Reardon the opportunity to testify [regarding] the applicability of the science of eyewitness identification to the facts of the case?

2.  Whether the PCRA court's order denying Yates' request for relief pursuant to 42 Pa.C.S.[A.] § 9543(a)(2)(vi) is supported by the record evidence?

3.  Whether the PCRA court's order denying Yates' request for relief pursuant to 42 Pa.C.S.[A.] § 9543(a)(2)(vi) is free from legal error?

4. Whether the PCRA court abused its discretion in denying Yates' request for discovery pursuant to 42 Pa.C.S.[A.] § 9543(d)(2) and Pa.R.Crim.P. 902(E)(1)?

5.  Whether PCRA counsel was ineffective [] in failing to investigate, develop the claims for relief and discovery, prepare for the evidentiary hearing, and develop a reasonable strategy?

Brief for Appellant, at 4-5.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions are free from legal error." *Commonwealth v. Cox*, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007).

Prior to addressing Yates' claims, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment

- 4 -

of sentence becomes final for the purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Yates' judgment of sentence became final, for purposes of the PCRA, on December 11, 2006, at the expiration of time for seeking review in the United States Supreme Court. *See* Sup. Ct. R. 13; 42 Pa.C.S.A. §§ 9545(b)(1), (3). Thus, Yates had until December 11, 2007, to file a timely PCRA petition. *See id.* Consequently, Yates' instant petition, filed on January 20, 2021, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 5 -

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).[3] "The PCRA petitioner bears the burden of [pleading and] proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, Yates argued, before the PCRA court, that his petition satisfied the newly-discovered facts exception. Specifically, Yates claims that Smith's eyewitness account of the homicide, coupled with Dr. Margaret Reardon's proffered expert testimony regarding the reliability of eyewitness identifications, satisfies the newly-discovered facts exception. *See* Brief for Appellant, at 26 (citing PCRA Court Opinion, 5/28/24, at 4); Brief for Appellant, at 26-27 (citing amended PCRA petition in which Yates raised newly-discovered facts exception).

The newly-discovered facts exception to the PCRA time bar "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238

---

[3] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, Yates' claims originated in 2002, well before December 24, 2017, and, therefore, the original 60-day time limit applies.

A.3d 1267, 1271 (Pa. 2020) (quotation marks and citation omitted). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" **Id.** at 1282 (quotation marks omitted). "The focus of the exception is on [the] newly[-]discovered facts, not on a newly[-]discovered or newly[-]willing source for previously known facts." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (internal citations and quotation marks omitted). In other words, the fact that a petitioner has "discovered yet another conduit" for a claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa. Super. 2020) (en banc) (quotation marks and citation omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." **Small**, 238 A.3d at 1282. Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new facts earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

Instantly, the PCRA court, in a single sentence, concluded that Yates satisfied the newly-discovered facts exception the PCRA time bar. **See** PCRA Court Opinion, 5/28/24, at 4 ("The PCRA court finds the current PCRA to be

timely under the exception"). The Commonwealth argues that Yates' PCRA petition is untimely without an exception because the PCRA court also concluded that Yates and his newly-discovered witness, Joseph Smith, were totally incredible. *See* Commonwealth's Brief, at 35, 39-40. The Commonwealth further contends that, due to Yates' and Smith's lack of credibility, it necessarily follows that Yates could not have demonstrated due diligence in the discovery of Smith's eyewitness account. *See id.*

We begin by reiterating that we are not bound by the PCRA court's conclusions of law but are bound by its credibility determinations. *See Cox*, *supra*; *Boyd*, *supra*. After a careful review of the petition, amended petitions, responses, and hearings in this matter, we are constrained to conclude that the PCRA court erred in determining that Yates had satisfied the newly-discovered facts exception. Importantly, the PCRA court concluded that Smith did not know the date or time of the shooting he purportedly witnessed. *See* PCRA Court Opinion, 5/28/24, at 5. A review of the PCRA hearings in this matter confirms the PCRA court's factual findings and, consequently, Yates cannot satisfy the newly-discovered facts exception where he has failed to demonstrate that Smith's alleged eyewitness account even applies to Yates' own case. *See Boyd*, *supra*. Moreover, even if admitted at the hearing, Dr. Reardon's eyewitness expert testimony would not have revitalized Yates' claim because Smith's testimony was wholly inapplicable. Accordingly, we conclude that the PCRA court was without jurisdiction to address the merits of this

claim, and we affirm the PCRA court's dismissal of this claim.[4] *See Small*, *supra*.

In his fifth claim, Yates raises three sub-issues that all challenge PCRA counsel's ineffectiveness, which we address together. In his first sub-issue, Yates argues that PCRA counsel rendered ineffective assistance of counsel by failing to properly argue that Dr. Reardon's testimony was admissible at the PCRA hearing. *See* Brief for Appellant, at 52-56. In his second sub-issue, Yates contends that PCRA counsel failed to properly investigate that his trial counsel had failed to communicate to Yates a plea offer of third-degree murder and 20 years' incarceration. *See id.* at 56-57. In his third sub-issue, Yates argues that PCRA counsel was ineffective when he failed to rebut the Commonwealth's argument that the discovery of Smith's testimony was "miraculous" and "fantastical." *See* Brief for Appellant, at 57-58. Yates contends that PCRA counsel's failure had an "adverse effect on the outcome of the proceedings." *See id.* at 58.

Yates fails to adequately argue any of his sub-issues in compliance with our appellate briefing rules. *See* Pa.R.A.P. 2119(a) (providing appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Paddy*, 14 A.3d 431, 443 (Pa. 2011) ("boilerplate allegations and bald assertions cannot satisfy a petitioner's

---

[4] As a result of our conclusion, we need not address Yates' second, third, or fourth claims, as they all pertain to the merits of his after-discovered evidence claim. *See* Brief for Appellant, at 30-52.

burden to prove that counsel was ineffective."); *see also Commonwealth*

*v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to

provide any discussion of a claim with citation to relevant authority[,] of fails

to develop the issue in any other meaningful fashion capable of review, that

claim is waived").  Here, Yates has failed to address any of the three prongs

of the ineffectiveness analysis and, instead, baldly asserts that PCRA counsel

was ineffective.  *See Paddy*, *supra*.  Additionally, Yates fails to point to

anything in the record that would support his claims of ineffectiveness.  *See*

*Johnson*, *supra*; Pa.R.A.P. 2119(a).  Finally, regarding the alleged plea deal,

Yates fails to direct this Court to anything in the record that supports this

conclusion.  *See* Brief for Appellant, at 56-57 (stating "there is a reasonable

probability that the Commonwealth made an offer to Yates").  Accordingly,

Yates' challenges to PCRA counsel's effectiveness are waived.[5]

_____

[5] Yates raises his ineffectiveness claims for the first time on appeal pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).  *See id.* at 401-05.  However, it is entirely unclear to this Court, due to the deficient nature of Yates' arguments, whether he is raising a layered ineffectiveness claim under *Bradley*, or merely challenging PCRA counsel's performance at the PCRA hearing.  We note that, to the extent that Yates is attempting to raise a layered ineffectiveness claim in an untimely PCRA petition, these claims would be time-barred unless he pled and proved a timeliness exception, which he did not.  *See Commonwealth v. Laird*, --- A.3d ---, 2025 WL 542548 (Pa. 2025) (concluding *Bradley* did not create equitable exception to PCRA time-bar and cannot be used to circumvent PCRA time-bar); *see also Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in *Bradley* creates a right to file a [] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel."). However, due to the deficient nature of Yates' brief in raising these claims, we are unable to discern which, if any, of his ineffectiveness claims are time-

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/26/2025

---

barred pursuant to **Laird**.  In any event, Yates' ineffectiveness claims are waived as described above.  **See Johnson**, 985 A.2d at 925 ("It is not the obligation of this Court . . . to formulate [an a]pellant's arguments for him.").